ORIGINAL

HAWAI'I DISABILITY RIGHTS CENTER

JENNIFER V. PATRICIO 8710
LOUIS ERTESCHIK 5241
1132 Bishop Street, Suite 2102
Honolulu, Hawai'i 96813
Telephone: (808) 949-2922
Facsimile: (808) 949-2928
Email: jpatricio@hawaiidisabilityrights.org
louis@hawaiidisabilityrights.org

Attorneys for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 25 2012

at 1 o'clock and 5 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| HAWAI'I DISABILITY RIGHTS CENTER, a Hawai'i corporation;<br><br>Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, State of Hawai'i; and KATHRYN MATAYOSHI, NORMAN PANG, JESSICA HONBO, and MICHAEL NAKASATO in their respective official capacities;<br><br>Defendants. | CIVIL NO. CV12 00297ACK KSC<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; SUMMONS** |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## I. INTRODUCTION

1. Plaintiff HAWAI'I DISABILITY RIGHTS CENTER ("HDRC") brings this action to compel Defendants to provide any and all investigation records to HDRC pertaining to the alleged abuse and neglect of a special education student by a Department of Education employee on or around July of 2011 at Pearl City Highlands Elementary School.

2. Defendants DEPARTMENT OF EDUCATION, State of Hawai'i; KATHRYN MATAYOSHI, in her official capacity as Superintendent of the Hawai'i Department of Education; NORMAN PANG, in his official capacity, and JESSICA HONBO in her official capacity; and MICHAEL NAKASATO, in his official capacity (collectively, the "Defendants" or "DOE"), have rejected or blocked HDRC's attempts to access the investigation records pertaining to said incident.

3. HDRC, as a Congressionally-mandated Protection and Advocacy System, is authorized to access DOE investigative records in order for it to effectively investigate alleged abuse and neglect.

4. Federal Protection and Advocacy (P&A) statutes, including but not limited to the Developmental Disabilities Assistance and Bill of Rights Act ("DD Act"), 42 U.S.C. §§ 15043 (a)(2)(H)-(I), provide HDRC with broad investigatory

authority, including access to certain records. The DD Act authorizes HDRC, as a P&A system, to investigate incidents of abuse or neglect of individuals when it receives complaints or determines that there is probable cause to believe that individuals have been, or may be, subject to abuse or neglect. 42 U.S.C. § 15043(a)(2)(B); 45 C.F.R. § 1386.22.

5. The DD Act permits HDRC to have access to an individual's records upon the consent of the individual or his or her guardian and in certain emergency situations. 42 U.S.C. § 15043(a)(2); 42 C.F.R. § 1386.22. The investigation records requested by HDRC should be part of the Student's individual records.

6. The Student's parent has consented in writing to HDRC's review of said records.

## II. JURISDICTION

7. This Court has jurisdiction over the parties and claims pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4). This Court is authorized to order the requested relief by these statutes and by 28 U.S.C. §§ 2201 and 2202.

8. Any and all state law claims contained herein arise from a common nucleus of operative facts to form part of the same case or controversy, and therefore fall within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## III. VENUE

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), since all Defendants reside in and/or maintain its place of business in the District of Hawai‘i.

## IV. PARTIES

10. Plaintiff HAWAI‘I DISABILITY RIGHTS CENTER, a Hawai‘i corporation, is the state's designated protection and advocacy system that is charged with protecting the civil rights of people with developmental disabilities, pursuant to the federal DD Act and other P&A statutes.

11. Defendant DEPARTMENT OF EDUCATION, State of Hawai‘i, is the State Educational Agency responsible for the provision of a public education for children with disabilities pursuant to IDEA and corresponding state laws and regulations.

12. Defendant KATHRYN MATAYOSHI (“Matayoshi”) is sued in her official capacity as Superintendent of the Department of Education. She is responsible for the management of the DOE and ensuring its full compliance with state and federal laws.

13. Defendant NORMAN PANG (“Pang”) is sued in his official capacity as the Leeward District Complex Area Superintendent of the Department of Education. He is responsible for ensuring that Pearl City Highlands Elementary

School maintains full compliance with state and federal laws.

14. Defendant JESSICA HONBO ("Honbo") is sued in her official capacity as Personnel Specialist for the Leeward District Complex of the Department of Education. She is responsible for ensuring that personnel records and investigation reports are in full compliance with state and federal laws. Upon information and belief, Defendant Honbo conducted an investigation of the alleged abuse of a special education student by a DOE employee, which was reported in an anonymous complaint letter.

15. Defendant MICHAEL NAKASATO ("Nakasato") is sued in his official capacity as Principal of Pearl City Highlands Elementary School. He is responsible for ensuring the school's full compliance with state and federal laws.

## BACKGROUND AND FACTS

16. HDRC is congressionally mandated to investigate allegations of abuse and neglect at public and private institutions (including Pearl City Highlands Elementary School, a Hawai'i public school) as part of its advocacy for the rights of people with disabilities who attend and participate in those facilities. 42 U.S.C. § 15043.

17. DOE is a provider of educational programs, including but not limited to Special Education and related services for individuals with developmental disabilities.

18. Pearl City Highlands Elementary School is a "facility" as that term is defined under the DD Act. 45 C.F.R. § 1386.19.

19. Pearl City Highlands Elementary School is a facility that is subject to the investigative authority of HDRC. 42 U.S.C. § 15043; 45 C.F.R. §§ 1386.19 and 1386.22.

20. On or around July 2011, Principal Nakasato received an anonymous complaint letter that alleged that a "student in a wheelchair" at Pearl City Highlands Elementary School had been subjected to alleged abuse and neglect by a DOE employee. Upon information and belief, the author had observed the teacher or aide yelling at, swearing at, and pulling the hair of a child in a wheelchair.

21. Principal Nakasato subsequently telephoned the parents of the allegedly abused Student to inform the parents of the allegations contained in the anonymous letter.

22. Upon information and belief, the Student is the only individual who uses a wheelchair on the school campus.

23. Out of concern for their child's safety in school, the Student's parents requested to see the anonymous letter and related investigation reports on or around July 2011. The requests were made at different times to Defendants Nakasato and Honbo, who rejected all such requests by the parents.

24. The Student's parents contacted HDRC for assistance in investigating the allegations of abuse and neglect, the school's response to the anonymous report, the final determination of the validity of the allegations, and to monitor the effects of the abuse and neglect, if any, on their child's special education programming.

25. On August 5, 2011, an HDRC Advocate provided a written notice to Pearl City Highlands Elementary School that HDRC had received a complaint concerning the alleged incident of abuse and neglect of a student with disabilities, and requested to review the entire file on the investigation, including but not limited to, the anonymous letter received by Principal Nakasato, notes, interviews, and correspondence including e-mail (collectively, the "investigation records"). The request was accompanied by an authorization to release information signed by the Student's parent.

26. To date, the Defendants have denied HDRC's request by failing to promptly provide HDRC with the requested information concerning the school's investigation of the alleged abuse and neglect incident. 42 C.F.R. § 1386.22(i).

27. The DD Act regulation requires that if a protection and advocacy system is denied access to records covered by the DD Act, it shall be promptly provided with a written statement of reasons. 45 C.F.R. § 1386.22(i). To date, this has not occurred.

28. In three separate written letters dated August 5, 2011, August 22, 2011, and December 1, 2011, in addition to numerous e-mail inquiries, HDRC declared that it had probable cause to suspect abuse and neglect of a student with disabilities, informed the DOE of its obligation under the DD Act to investigate the allegations, and reiterated its request to provide the investigation records.

29. On separate occasions, the HDRC Executive Director contacted Defendants Pang and Honbo by telephone to request access to the requested investigation records because there was probable cause to believe that individuals with disabilities have been, or may be, subject to abuse or neglect.

30. Upon each written or verbal request, DOE has denied HDRC access to the requested investigation records.

31. To date, HDRC and the Student's parents have not been informed of the exact nature of the allegations, whether the abuse and neglect allegations were determined to be true, and if true, what actions were taken by DOE to protect the Student, whether the Student will be further exposed to the DOE employee who is alleged to have inflicted the physical and psychological abuse, and the effects of the abuse upon the Student's special education programming.

32. In order to fulfill its congressional mandate to protect and advocate for persons with developmental disabilities and mental illness, HDRC has the authority to pursue legal remedies. 42 U.S.C. § 15043.

## CLAIM

33. The allegations in paragraphs 1 through 32 of this Complaint are incorporated and re-alleged as though fully set forth herein.

34. The Defendants' individual and collective refusal to provide investigation records results in the denial of access to records pursuant to an investigation of alleged abuse and neglect, which violates HDRC's access authority under the DD Act. 42 U.S.C. §§ 15043(a)(2)(I)(iii), 45 C.F.R. § 1386.22(a)(3).

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Assume jurisdiction over this matter;

B. Declare that Defendants' conduct violates the DD Act;

C. Order Defendants to provide HDRC with the requested investigation records;

D. Award to Plaintiff its costs and reasonable attorney's fees; and

E. For such other relief as this Court deems just, equitable and appropriate.

DATED: Honolulu, Hawai'i, May 23, 2012.

JENNIFER V. PATRICIO
LOUIS ERTESCHIK

Attorneys for Plaintiff